# REPORTS OF CASES

DECIDED IN

# THE SUPREME COURT

OF THE

## DISTRICT OF COLUMBIA.

---

### EMANUEL KAUFMAN

*vs.*

### JOHN F. CLARK.

---

1. The landlord has the right to make such repairs as are needed, but not so as to disturb the tenant's enjoyment of the premises further than is absolutely necessary to put and keep them in the same condition they were in when the lease was made. If he goes beyond this limit he is a trespasser.
2. The landlord is never bound, unless by special agreement, to put the demised property in a better condition than it was at the time he made the demise.

At Law. No. 3290. Decided February 19, 1869.

TRESPASS q. c. f. Verdict for plaintiff and motion for a new trial on a bill of exceptions.

THE FACTS appear in the opinion.

Messrs. JONES & ASHFORD and A. G. RIDDLE for plaintiff.

Mr. JOHN E. NORRIS for defendant.

Mr. Justice WYLIE delivered the opinion of the Court:

This is an action of trespass by a tenant against his landlord to recover damages for the landlord's trespass on the demised premises during the continuance of the tenancy.

The premises were out of repair and in bad condition when they were rented to the tenant, and afterwards became a common nuisance.

The landlord entered upon them for the purpose of making repairs, and the tenant's enjoyment of their use was greatly disturbed, but he still continued in possession.

The landlord had the right to make such repairs as were needed, but not so as to disturb the tenant's enjoyment of the premises further than was absolutely necessary to put and keep them in the same condition they were in when the lease was made or for the removal of the nuisance.

If he went beyond this limit he was a trespasser without excuse, and liable in damages for the injury sustained by the plaintiff.

But the landlord is never bound to put his property in a better condition than it was at the time he made the demise, unless bound to do so by special agreement, or except in one or two special classes of cases to which the present does not belong.

The tenant takes his lease with his eyes open and upon his own judgment, and the amount of rent is always fixed according to the value of the property in that condition unless there be a special contract binding the landlord to make repairs.

The court below was of opinion that in the absence of such special agreement in the present case the landlord was bound to make repairs sufficient to put the property in good condition for the tenant's business and was responsible in damages to the tenant for omission to do so. In this we think there was error; and as it was the turning point and key to the whole controversy, we do not propose to examine the bills of exception *seriatim*.

*The judgment is reversed and a new trial granted.*