**RAMMELL, Plaintiff-Appellant, v BULEN, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4027. Decided January 29, 1948.

L. P. Henderson, Columbus, for plaintiff-appellant.
John H. Summers, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is an action for damages by a tenant against the landlord for unlawfully and maliciously entering upon the premises, shutting off the water and locking the door with a lock other than the one the tenant had been using. The answer in substance admits the commission of the acts complained of, but avers that the same was done in order to prevent injury to the property. The unlawful and malicious entering, however, is denied. A general denial is filed to the answer.

The cause was tried to a jury and a verdict returned on January 30, 1947, for the plaintiff in the sum of $1000.00. A motion for a new trial was filed on February 1; 1947, which was not passed upon. On March 26, 1947, the entry of judgment was filed, and on March 27 a motion for a judgment

notwithstanding the verdict was filed and sustained. The judgment was duly entered on the same day. All the assignments of error are directed to this ruling by the Court.

The evidence most favorable to the plaintiff and which we are required to consider in that light discloses that Eloise K. Rammell, the plaintiff, was a tenant in lawful possession of a second floor apartment belonging to J. Elwood Bulen, the defendant; that on December 21, 1945, the defendant, after finding no one at home to admit him, directed one of his employees to enter the apartment through an alleged open window and to close it, the weather being cold, although the record does not disclose the actual temperature. The plaintiff denied that the window was open, so this fact was an issue but it was admitted that there was no heat in the apartment, the gas having been shut off for several months. The employee left the apartment through the hall door, which was locked with a night lock and he locked the door by means of a key to a padlock which was also on the door and was the only one on it when the premises were rented and a key was furnished to the plaintiff for this lock. When the plaintiff returned home that night she did not have with her the key to this lock so she called the defendant to come and unlock the door, which was not done. In this conversation she also told the defendant she was leaving the city the following day to be gone until after Christmas which would be some five or six days. The following day the defendant again entered the apartment and shut the water off, he said to prevent the freezing of the water pipes and damage to the property. The plaintiff returned to the premises on December 28th and the following day the water was again turned on. The plaintiff testified that although she had no gas on the premises she had several small electric heaters which she had used. Under this state of facts was the defendant justified in entering the premises and doing the things complained of? We think that he was. There was not a scintilla of evidence to support the charge of express malice. The only evidence in the record is that it was done for the sole purpose of protecting the property. The water was not only shut off, but chemicals were placed in the toilet bowl and water traps to prevent freezing and bursting. A landlord has the right during a tenancy to enter and make such repairs as are necessary to prevent waste. Bonnecaze v Beer, 31 La. Ann. 531; 10 A. L. R. 716. The landlord not only had this right but it was also the duty of the plaintiff to take action to prevent waste. In 32 Amer. Jur. Section 780, p. 666, it is said:

"The tenant is under a continuing obligation to repair acts which amount to voluntary waste and which involve a breach of the obligation to use the premises in a husband-like manner."

It certainly cannot be urged that if the tenant fails to perform a required duty to a property that the landlord would be liable in damages to the tenant for the performance of those duties. It is a matter of common knowledge that late in December the temperature is liable to sudden change and since the plaintiff's apartment was to be vacant and without heat for approximately one week ordinary care would require that steps be taken to prevent the freezing of water pipes.

The evidence that the plaintiff was locked out of her apartment by the defendant was sufficient, we believe, to present a jury question. The record is undisputed that the defendant locked the door by means of a lock, different from that which had been used by the plaintiff. The plaintiff testified further that the defendant refused to unlock the door upon demand being made. This, if true, would constitute an infringement upon the plaintiff's right and which the jury should have passed upon. The trial Court was therefore in error in granting the judgment non obstante veredicto and the cause is ordered remanded with instructions to pass upon the motion for a new trial. In this connection we desire to make the observation that the record does not support the amount of the verdict. In our opinion the damages were only nominal, for the plaintiff was unlawfully deprived of the premises for only one night, which she spent with a friend without expense to herself.

Judgment is reversed and cause is ordered remanded.

WISEMAN, PJ, and HORNBECK, J, concur.