## DUNNINGTON v. THOMAS E. JARRELL CO.

### No. 1298.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 16, 1953.

Decided April 23, 1953.

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D. C., was on the brief, for appellant.

Thomas S. Jackson, Washington, D. C., with whom Louis M. Denit, P. Baxter Davis and Martin R. Fain, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant is a tenant of an apartment in a four-apartment building. His tenancy commenced in 1939 under a written monthly lease with appellee, a real estate agent who manages the property for the owner, Mrs. Weedon. Since 1942 the tenant's possession has been under the protection of the District of Columbia Emergency Rent Act.[1] In May 1950 the landlord notified the four tenants to vacate because the owner desired to made "extensive improvements" to the property. Three tenants vacated but appellant refused to move. The three vacant apartments were remodeled and improved. In May 1951 the landlord brought this action for possession of appellant's apartment, alleging that appellant had violated an implied agreement to permit the landlord to enter the apartment to make necessary repairs, to keep the building in safe repair and to install pipes for heating other apartments in the building. The complaint alleged that the conduct of the tenant constituted a nuisance

---

[1]. Code 1951, Supp. I, 45–1601 et seq.

and further alleged that notice to quit had been specifically waived in writing.

The trial court found that the tenant had used the premises for an unlawful purpose and unreasonably refused to allow the landlord to run a pipe through the apartment to furnish heat to an apartment above, and concluded that the tenant's conduct constituted a nuisance. Judgment for possession was awarded the landlord and the tenant has appealed.

■ The first question is whether the tenant was entitled to a thirty days' notice. It is conceded that he was so entitled unless he had waived notice in writing. The landlord relies on the provision of the lease providing for waiver in the event the tenant used the premises for an "unlawful purpose" and points to the court's finding that the premises were used for such a purpose. This raises the question of whether the evidence supported such a finding. We think it did not. There was no evidence that the tenant used the premises in any improper or unlawful manner. The landlord's complaint is directed not to the tenant's use of the premises but to his refusal to allow the landlord to enter them. There was no unlawful use of the premises and consequently the tenant was entitled to a thirty days' notice.[2] The landlord failed to give notice and therefore there was no termination of the tenancy and the judgment for possession cannot stand.

The foregoing disposes of this case and we might stop here, but we assume that the landlord will proceed to give the requisite notice and file a new suit, and certain questions now raised will again be presented. Basically the controversy between the parties involved the right of the landlord to enter the premises for the purpose of inspection and to make improvements and repairs.

■ The general rule is that a landlord, in the absence of reservation of that right in the lease, has no right to enter upon leased premises for the purpose of making repairs.[3] However, the existence of the Emergency Rent Act has brought about a situation greatly altering the ordinary relationship of landlord and tenant. The tenant's possession is protected so long as he pays rent and complies with the act. The landlord can terminate the tenancy only under limited conditions prescribed by the act. Thus indeterminate tenancies are forced upon the landlord. In the instant case, this tenant with only a monthly tenancy has retained possession for more than ten years by virtue of the rent act.

In National Metropolitan Bank of Washington v. Judge, D.C.Mun.App., 37 A.2d 446, we held that a tenant whose possession depends on the rent act must recognize the rights of the landlord and act accordingly. We there held that because the act recognizes the right of a landlord to sell his property, in order to fully exercise such right he has also the right to show the premises to prospective purchasers at reasonable times and that it is the duty of the tenant to permit such showing.

■■ The rent act also recognizes the right of a landlord to substantially alter or remodel the leased premises, and, applying the principle of the Judge case, we think the landlord has the right to reasonable inspection of the premises in order to determine whether remodeling or alteration is desirable or necessary and, if so, what form it will take. Furthermore, we think a landlord, who because of the rent act is without power to terminate a lease, has the right to make such repairs as are necessary to protect his property from waste and deterioration, and in order to do so is entitled to enter the premises at reasonable times to inspect and to make such repairs. Otherwise, a tenant over a period of years could prevent the landlord from knowing the condition of his property and from protecting it from waste, deterioration or even collapse and ruin. The refusal of the tenant to permit this would not constitute a nuisance but would be a violation of an implied obligation of his tenancy.

2. The notice given by the landlord in 1950 had been waived by continuous acceptance of rent.

3. 51 C.J.S., Landlord and Tenant, § 370; 32 Am.Jur. Landlord and Tenant, § 196. Cf. Kaufman v. Clark, 1869, 7 D.C. 1.

For the reason that the tenancy was not terminated by a thirty days' notice, the judgment must be reversed.

Reversed.

QUINN, Associate Judge (concurring).

I agree with the majority that the trial court's findings were erroneous and that the tenant was entitled to a thirty-day notice. I agree also that a landlord has the right to enter his tenant's premises in order to inspect for waste and to make the necessary repairs to prevent waste. But I do not believe that the Rent Act should be used as the basis for these rights. The Act itself provides for the assertion of such basic property rights as substantially altering and remodeling, and of selling. But nowhere does it give to a landlord the right to make repairs. Further, though the Act has been in force since 1942, there has been no judicial interpretation of it which would bestow such a right on a landlord. As Judge Hood has stated, the general rule is that a landlord has no right to enter leased premises for the purpose of making repairs. I believe that this rule is sound, as it prevents the landlord from unnecessarily or arbitrarily interrupting a legal tenancy. But there is a well-founded modification to the rule, namely, that the landlord may enter the premises to make repairs which will prevent waste.[1] I feel that it is on this rule, and not on an interpretation of the Rent Act, that we should base the landlord's right to enter. I would also emphasize that this right of entry extends only to repairs for the prevention of waste,[2] and not to all repairs which the landlord would desire to make. I agree with the majority that this right would be meaningless unless it was accompanied by an implied right of entry for the purpose of inspecting for waste.

In the instant case these facts should be mentioned. The owner had not been in Dunnington's apartment for at least eight years. In the apartment across the hall

from Dunnington's the floor beams had rotted out, and the floors in the kitchen and bathroom had to be replaced. Also the window sills were in a state of total disrepair and many of the window panes were out. Some of these conditions also existed in the two upper apartments. For a tenant to allow these conditions to exist and to refuse to permit the landlord to correct them would certainly be waste. It would be entirely reasonable here for the owner to inquire if the same conditions that existed in the other apartments existed in defendant's apartment, and as she had not been in his apartment for a period of eight years, she had no way of knowing to the contrary. I believe that the owner should be allowed to inspect for waste, and to make the necessary repairs to prevent it, but I do not feel that the Rent Act is the proper foundation on which to base these rights.

---

1. 51 C.J.S., Landlord and Tenant, § 370; 32 Am.Jur., Landlord and Tenant, § 196; Rammell v. Bulen, Ohio App., 80 N.E. 2d 167; Flanders v. New Hampshire Sav. Bank, 90 N.H. 285, 7 A.2d 233; Lauer v. Palms, 129 Mich. 671, 89 N.W. 694, 58 L.R.A. 67.

2. The word "waste" has a well-defined legal meaning. Cf. Vol. 44, Words and Phrases, "Waste."