HOUSE, ADMR., APPELLANT, *v.*
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY ET AL.,
APPELLEES.

(No. 86AP-958—Decided
February 11, 1988.)

*Lamkin, Van Eman & Trimble*
and *William W. Lamkin,* for appellant.

*Baker & Hostetler, John M. Mahota* and *Gary A. Gillett,* for appellee State Auto. Mut. Ins. Co.

*Crabbe, Brown, Jones, Potts &*
*Schmidt* and *William H. Jones,* for appellee Nationwide Ins. Co.

*Wiles, Doucher, Van Buren & Boyle* and *Thomas J. Keener,* for appellee Auto Owners Ins. Co.

WHITESIDE, J.  Plaintiff, Donna House, Administrator of the Estate of Ernest Charles House, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error as follows:

"The trial court erred in holding that the commercial umbrella liability policy number CSX 695 932, issued by defendant appellee State Automobile Mutual Insurance Company, has no application to the accident in question and does not provide uninsured/underinsured coverage to plaintiff-appellant."

This case involves construction of an insurance policy as to two issues: (1) whether plaintiff's decedent was an insured under a policy issued by defendant, State Automobile Insurance Company, to Teramana Trucking Inc. and, if so, (2) whether uninsured motorist coverage is afforded by that policy.

Plaintiff's decedent was killed while operating a truck owned by his employer, Bradford L. Davis, as a result of a collision with a vehicle driven by an uninsured motorist. Plaintiff's decedent was operating the truck under an agreement between Davis and defendant, State Auto's insured, Teramana, under which the truck, together with a driver, was hired by Teramana to transport coal. Defendant, State Auto, had issued two policies to Teramana. One was an ordinary automobile policy, as to which there is no dispute but that the policy provided plaintiff's decedent with uninsured motorist coverage. The sec-

ond policy, the subject of the controversy herein, is referred to as a commercial umbrella policy and is designated number CSX 695 932. There were also policies issued by other defendant insurance companies, as to which no issue is raised herein, making said defendant insurance companies at most nominal appellees herein.

In finding for defendant State Auto, the trial court, in addition to the stipulations of the parties, made only the finding of fact that "[t]he Commercial Umbrella Liability Policy issued by State Automobile Insurance Company has no application to the accident in question and likewise does not provide any uninsured coverage whatsoever." The only conclusion of law pertinent to that policy states, "[t]here is no requirement that umbrella business liability policies must contain uninsured/underinsured motorist coverages pursuant to uninsured/underinsured coverage statute," the trial court citing only out-of-state cases without comparing those state statutes with the Ohio statute.

It is undisputed that defendant, State Auto, neither offered nor provided uninsured motorist coverage to Teramana Trucking. R.C. 3937.18 provides in pertinent part that:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage * * *."

The issue as to uninsured motorist coverage depends upon whether the policy is an automobile or motor vehicle liability policy. Defendant, State Auto, contends it is not because the policy is a comprehensive umbrella liability policy. Plaintiff contends that it is because the policy provides that coverage is afforded under the "umbrella" only to the extent that insurance is afforded by an underlying policy, and one of the two underlying policies to which the umbrella coverage applies is conceded to be an automobile liability policy.

The only Ohio authority supports plaintiff's position, the Sixth District Court of Appeals having so concluded in *Cincinnati Ins. Co.* v. *Siemens* (1984), 16 Ohio App. 3d 129, 16 OBR 137, 474 N.E. 2d 655. Defendant, State Auto, concedes that the Ohio authority, including *Cincinnati Ins. Co.* and what is referred to as *"dicta"* in *Duriak* v. *Globe American Cas. Co.* (1986), 28 Ohio St. 3d 70, 28 OBR 168, 502 N.E. 2d 620, tends to support plaintiff's position. However. defendant, State Auto, relies upon authority from other states and based thereon contends that a contrary result to that of Ohio case authority should be reached. Again, there is no comparison between the statutes of those states relied upon by defendant and R.C. 3937.18. The court in *Cincinnati Ins. Co.* expressly rejected out-of-state case authority relied upon by the trial court and held that the umbrella endorsement to the policy therein constituted automobile liability insurance within the contemplation of R.C. 3937.18. Although the words of the policies are different, there, as here, coverage is afforded with respect to liability arising out of the ownership or use of a motor vehicle. The Supreme Court holding in the *per curiam* opinion in *Duriak* is not *dicta* as contended, the Supreme Court stating:

"Clearly, under the express terms of R.C. 3937.18, no exception is made

with respect to excess insurance coverage. If the legislature desires to exempt excess liability carriers, they are free to do so. In the meantime, however, we are compelled to hold that excess liability insurance must comport with R.C. 3937.18. In this holding we approve of *Cincinnati Ins. Co.* v. *Siemens* (1984), 16 Ohio App. 3d 129." *Id.* at 72, 28 OBR at 170, 502 N.E. 2d at 622-623.

We find no reason to deviate from the conclusions reached in *Duriak* and *Cincinnati Ins. Co.* Accordingly, to this extent, the assignment of error is well-taken, assuming that this error of the trial court is prejudicial.

The second issue involves a determination as to whether plaintiff's decedent was an insured under the policy. This necessarily must be determined from the policy itself, there apparently being no dispute as to the factual circumstances involved.

In defining who is an "insured" under the policy, paragraph (3) of the policy definitions states in part: "subject to the terms and conditions of this policy, any additional insured included in the underlying insurance listed in Item 6 of the declarations but only to the extent that insurance is provided to such additional insured thereunder."

Plaintiff contends that since it is conceded that her decedent was an insured under the underlying policy, he necessarily also is an insured under the umbrella policy. Defendant, State Auto, however, contends that although plaintiff's decedent is an insured under the underlying policy, he is not an "additional insured," since that term refers only to those who are named or specified on the policy by an endorsement.

We have some difficulty with plaintiff's contention since it fails to distinguish between a named insured and an additional insured. The term "named insured" is defined as "the

organization named in the declarations of this policy and includes any subsidiary company." Unfortunately, neither in the subject policy nor in the underlying policy is the term "additional insured" defined.

Defendant, State Auto, presented an expert witness who testified that plaintiff's decedent was not an insured under the umbrella policy because of another paragraph of the definition of "insured" including "any person while using, with permission of the named insured, any automobile owned by, loaned to or hired for use by or on behalf of the named insured." This is contained in paragraph (5) of the definition of "insured" which concludes with the statement: "[t]he insurance with respect to any person [or] organization other than the named insured does not apply under paragraph (5): * * * (ii) with respect to an automobile * * * hired by or loaned to the named insured, to the owner or a lessee (of whom the named insured is a sub-lessee) thereof other than the named insured, or to any agent or employee of such owner or lessee." The exclusion with respect to hired or loaned vehicles by its very terms applies only with respect to paragraph (5) of the definition of "insured." It does not apply to paragraph (3) upon which plaintiff relies.

Defendants' expert witness testified that paragraph (3) does not afford coverage because "an additional insured is a special term defining somebody who has been added on to the policy." He admitted, however, that there is no policy definition and the words must be given their ordinary meaning, but contended that, "[t]he term 'additional insured' has a fairly well accepted meaning within the insurance industry." He further admitted, however, that this is an accepted meaning only "among insurance people." In other words, State Auto contends that to be an "additional in-

sured" within the policy language one must be specifically named an insured in the policy by name, not merely by an indication of a class of persons who are insured under the policy. Concededly, plaintiff's decedent fell within such a class and was an insured of the underlying policy.

We find, that in the absence of a clear definition to the contrary, the words "additional insured" should be given their plain and ordinary meaning, of any person who is an insured under the policy in addition to the named insured. Necessarily, this includes not only persons who may be indicated by name to be an insured, but also any person who is a member of a class which is specifically indicated to be an insured under the policy. Although none of the parties has cited cases using or defining the term "additional insured," numerous cases are digested in 2 Words and Phrases (Perm. Ed. 1955) 516, indicating that most courts have used the term "additional insured" in the manner we have determined to be appropriate rather than that utilized by State Auto's "expert." See, *e.g., Fox* v. *Crawford* (App. 1947), 51 Ohio Law Abs. 125, 80 N.E. 2d 187; *Maryland Cas. Co.* v. *Williams* (C.A.5, 1967), 377 F. 2d 389, 35 A.L.R. 3d 275; and *State Farm Mut. Auto. Ins. Co.* v. *Cook* (1947), 186 Va. 658, 43 S.E. 2d 863, 5 A.L.R. 2d 594. Accordingly, plaintiff's assignment of error is well-taken.

For the foregoing reasons, the assignment of error is sustained, the judgment of the court of common pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, P.J., and McCOR-MAC, J., concur.