### Harrison v. Aetna Casualty
*[Cite as 2 AOA 603]*

*Case No. 89AP-1509*
*Franklin County, (10th)*
*Decided April 24, 1990*

*R.C.3937.18*

*Lamkin, Van Eman & Trimble, Mr. William W. Lamkin and Mr. Michael J. Rourke, for appellants.*

*Wiles, Doucher, Van Buren & Boyle, and Mr. Thomas J. Keener, for appellee.*

YOUNG, J.

This matter is before this court upon the appeal of Eugene R. Harrison ("Harrison") and Mary L. Harrison, from a declaratory judgment in favor of appellee, Aetna Casualty and Surety Company ("Aetna").

On May 30, 1986, Harrison, while operating a motor vehicle in the scope of his employment with the Columbus Dispatch Printing Company ("the Dispatch") was fatally injured in a collision with an uninsured motorist. At the time of the accident, the Dispatch's primary insurer was State Automobile Insurance Company ("State Auto"). This primary policy provided $1,000,000 of bodily injury-property damage coverage and $100,000 of uninsured motorist coverage. The Dispatch also had a commercial "umbrella" policy which provided for excess liability coverage in an amount up to $50,000,000.

Ken Pierce ("Pierce"), Chief Financial Officer of the Dispatch, was responsible for purchasing the company's insurance. He met periodically with Lex Lemmon, insurance representative for Insurance Ohio Company Agency, to update and renew policies and review the insurance needs of the Dispatch. At the time that Pierce and Lemmon were reviewing the insurance policies which were in effect at the time of Harrison's accident, Pierce increased the uninsured motorist coverage, provided in connection with the State Auto Policy, from $25,000 to $100,000 which was still below the equivalent amount of the policy limits. However, there was never any express offer or rejection regarding uninsured motorist coverage in conjunction with the Aetna "umbrella" policy.

Thereafter, appellee filed for a declaratory judgment in the Franklin County Court of Common Pleas to determine whether uninsured motorist coverage was included, by operation of law with the Aetna "umbrella" policy since there had been no express offer or rejection pursuant to R.C. 3937.18. The parties filed cross-motions for summary judgment which were overruled. The matter was referred to a referee. The referee recommended to the trial court that appellant's motion for summary judgment be granted on the basis that uninsured motorist coverage was never offered by Aetna nor rejected by the Dispatch. Appellee filed an objection to the referee's report and recommendation and both parties submitted memoranda. Thereafter, the trial court found that, under the facts of this case, appellee was not compelled to offer uninsured motorist coverage in its "umbrella" insurance policy and rendered judgment in favor of appellee. Appellants now assert the following sole assignment of error:

"The Trial Court erred in each of the following respects:

"1. In rejecting the Referee's Report.

"2. In holding that the named insured, The Dispatch Printing Company, expressly and unequivocally stated to Defendant at the time of the issuance of Defendant's commercial

umbrella automobile policy that The Dispatch Printing Company did not wish to purchase as equal amount of uninsured motorist coverage.

"3. In holding that the selection of lower limits by the named insured of UMC coverage in connection with the issuance of the primary or underlying automobile liability policy two months earlier and issued by another company, served to relieve Defendant of the obligation to offer named insured an equivalent amount of uninsured motorist coverage at the time of the issuance of Defendant's commercial excess automobile liability policy.

"4. In holding that Defendant's excess automobile liability policy does not provide an equivalent amount of uninsured motorist coverage to Plaintiffs in regard to the subject automobile accident."

Appellants assert that R.C. 3937.18(C) mandates that automobile insurance policies offer uninsured motorist coverage in an amount equal to that of the policy insurance coverage unless it is limited or specifically rejected by the insured. The appellee asserts, and the trial court agreed, that when Pierce limited the uninsured motorist coverage which was offered with the primary insurance coverage of State Auto, Aetna was not obligated to offer uninsured motorist coverage in conjunction with the excess liability coverage, the "umbrella" policy.

R.C. 3937.18 provides, in pertinent part:

"[Mandatory offering of uninsured and underinsured motorist coverage.]

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage ***

"***

"(C) The named insured may only reject or accept both coverages offered under division (A) of this section. ***"

The case which is directly on point with the facts before this court is *Cincinnati Ins. Co.* v. *Siemens* (1984), 16 Ohio App. 3d 129. In that case, a policy that constituted an "umbrella" endorsement, which included automobile liability coverage, never offered the insured any uninsured motorist coverage in conjunction with the issuance of the "umbrella" endorsement. The *Siemens* court held that:

"*** [I]n issuing the umbrella endorsement, appellee issued appellants automobile liability insurance requiring the offering of uninsured motorist coverage in accordance with R.C. 3937.18. Since appellee failed to so offer appellants uninsured motorist coverage, we further find the policy limit to be $1,100,000.

We, therefore, find appellant's assignment of error well-taken." *Id.* at 132. See, also, *House* v. *State Auto. Mut. Ins. Co.* (1988), 44 Ohio App. 3d 12; *Duriak* v. *Globe American Cas. Co.* (1986), 28 Ohio St. 3d 70.

The language of R.C. 3937.18 does not include any express terms carving out an exception for excess insurance coverage, *albeit* "umbrella" policies.

Thus, to arrive at the conclusion that it did, the trial court treated the transactions of insurance between Pierce and Lemmon as one transaction. However, as borne out from the case law on this issue, an "umbrella" endorsement is not a transaction which is in conjunction with the selling of primary insurance coverage. Case law clearly sets forth that policies of excess liability coverage are a separate transaction and therefore must separately follow the mandates as set forth in R.C. 3937.18, *i.e.*, offering uninsured motorist coverage in the equivalent amount to the automobile/motor vehicle liability coverage. See R.C. 3937.18(C). Thus, the issue is not determined by the surrounding facts or circumstances on a case-by-case basis, or by speculating and considering whether the insured would have declined the coverage anyway. The only issue in the facts of the matter herein, is whether uninsured motorist coverage was offered to the Dispatch by Aetna under its excess liability coverage, *albeit* "umbrella" policy.

Unequivocally, the parties so stipulate, and the record sets forth, that uninsured motorist coverage was not offered to the Dispatch by Aetna pursuant to the mandates of R.C. 3937.18.

Accordingly, appellants' assignment of error is well-taken and is sustained. The judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

WHITESIDE and HENDRICKSON, JJ., concur.

HENDRICKSON, J., of the Twelfth District Court of Appeals, sitting by assignment in the Tenth Appellate District.