OPINION
Defendant-appellant CNA Insurance, dba Continental Insurance Company ("Continental"), appeals the July 31, 2001 Judgment Entry of the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiffs-appellees Richard F. Burkhart, et al. upon a finding appellees were entitled to UIM coverage under insurance polices issued by Continental to Western Branch Diesel, Inc.
 STATEMENT OF THE FACTS AND CASE
On October 11, 1992, Richard Burkhart ("Richard") was driving his automobile on Cleveland Avenue in Pike Township, Ohio, when a vehicle driven by Douglas Weaver traveled left of center and struck the Burkhart vehicle head on. Richard and his minor child, Kelly Burkhart ("Kelly"), who was a passenger in the vehicle, were severely and permanently injured as a result of the accident. At the time of the accident, Richard was employed by Western Branch Diesel, Inc. Western Branch was insured through polices of insurance issued by Continental. The policies at issue are a "primary policy" which includes a business auto policy and a commercial general liability policy; and a commercial umbrella liability policy. The business auto policy contains a UIM coverage endorsement.
Following the accident, appellees settled with the tortfeasor's insurer as well as with Richard's personal auto insurer for UIM coverage. Appellees did not notify Continental of their intent to settle with the tortfeasor's insurer and did not obtain consent from Continental to enter into the settlement in exchange for a release of all claims. Appellees first notified Western Branch of their desire to present a UIM claim under Western Branch's insurance coverage on May 17, 2000. Subsequently, on February 1, 2001, appellees filed a complaint for declaratory judgment in the Stark County Court of Common Pleas, seeking UIM coverage under the Continental policies.
Appellees and Continental filed motions for summary judgment. Via Judgment Entry filed July 31, 2001, the trial court granted judgment in favor of appellees, finding Kelly and Richard were entitled to UIM coverage under the business auto policy and the umbrella policy. The trial court further found Richard was entitled to UIM coverage under the commercial general liability policy.
It is from this judgment entry Continental appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES AND AGAINST DEFENDANT-APPELLANT.
 THE TRIAL COURT ERRED IN DECLINING TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLANT.
 SUMMARY JUDGMENT STANDARD
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.[1] Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.[2]
It is based upon this standard we review Continental's assignments of error.
 I, II
Because Continental's assignments of error address the propriety of the trial court's ruling on appellees' and Continental's motions for summary judgment, we shall address said assignments of error together. Continental sets forth four arguments in support of its assignments of error. We shall address each in turn.
First, Continental maintains the trial court erred in finding appellees are entitled to UIM coverage under the Continental policies because the ambiguity in the policy at issue in Scott-Pontzer v. Liberty Mut. FireIns. Co.[3] does not exist in the policies at issue herein. Specifically, Continental asserts its policies identify specific individuals as insured, and not just a corporation; therefore,Scott-Pontzer is inapplicable.
The "Common Policy Declarations" of the primary policy lists the following as named insureds: Western Branch Diesel, Inc.; Western Branch Diesel, Inc., T/A Virginia Boat and Yacht; Western Branch Diesel, Inc. Retirement Income Plans; Call Detroit Diesel Allison, Inc. Savings and Retirement Plan; Herbert A. Haneman, Jr.; Mary H. Dixson; and Helen H. Gould. Continental submits because the policies do not limit protection solely to the corporate entity listed as one of the name insureds, this matter is distinguishable from Scott-Pontzer, in which the only name insured was the corporation. We disagree with Continental.
The definition of "Who Is an Insured" in the Continental policies is identical to the definition of "Who Is an Insured" found in the Liberty Fire policy in Scott-Pontzer.[4] Although specific individuals are named insureds under the Continental policies, such fact does not cure the ambiguity created when "you" refers to Western Branch Diesel, Inc. as the named insured. The rational announced by the Ohio Supreme Court inScott-Pontzer is applicable to the instant matter. If the policies only afforded coverage to the specific individuals named, the inclusion of Western Branch as a named insured would be superfluous. Accordingly, we find the trial court correctly determined appellees to be insureds under the policies.
We now turn to Continental's assertion the trial court erred in granting summary judgment in favor of appellees upon a finding Kelly Burkhart was entitled to UIM coverage under the umbrella policy. Specifically, Continental asserts the Ohio Supreme Court's decisions inScott-Pontzer and Ezawa v. Yasuda Fire Marine Ins. Co. of Am.[5] do not support appellees' position UIM coverage which arises by operation of law extends to an employee's family member. The parties stipulated Continental did not offer UM/UIM coverage to Western Branch with its umbrella policy.
Excess liability insurance must comport with R.C. 3937.18 and, thus, UM/UIM motorist coverage must be tendered.[6] An insurer's failure to offer such coverage results in the provision of such coverage by operation at law.[7] "Umbrella policies are different from standard excess insurance policies in that they are meant to fill gaps and coverage both vertically (by providing excess coverage) and horizontally (by providing primary coverage)."[8] "The vertical coverage provides additional coverage above the limits of the insured's underlying primary insurance."[9] The Continental umbrella policy at issue herein provides excess liability coverage over and above the coverage provided by the commercial general liability policy and business auto policy. Having found supra, Kelly Burkhart is an insured under the primary policies, we find Kelly would also be an insured under the umbrella policy which provides excess coverage, in the event Kelly exhausts the UIM coverage available under the primary policies.
Further, Continental argues the trial court erred in granting summary judgment in favor of appellees upon a finding Richard Burkhart was entitled to UIM coverage under the commercial general liability policy. Continental submits the trial court erroneously relied upon the Ohio Supreme Court's decision in Selander v. Erie Ins. Group[10] when it should have relied upon the Supreme Court's more recent decision inDavidson v. Motorist Mut. Ins. Co.[11] We find Davidson to be distinguishable not only from Selander, but also from the instant action.
In Selander, the Ohio Supreme Court held:
 Where motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided. See, e.g., Goettenmoeller v. Meridian Mut. Ins. Co. (June 25, 1996), Franklin App. No. 95APE11-1553, unreported, 1996 WL 362089; House v. State Auto. Mut. Ins. Co. (1988), 44 Ohio App.3d 12, 540 N.E.2d 738. Under R.C. 3937.18, uninsured/ underinsured coverage arises even though a liability policy refers only to "hired" or "non-owned" automobiles and fails to identify specific vehicles.
In the case sub judice, the commercial general liability policy provides:
2. Exclusions
This insurance does not apply to:
* * *
g. Aircraft, Auto or Watercraft
 "Bodily injury" or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading"
This exclusion does not apply to:
* * *
 3. Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto is not owned by or rented or loaned to you or the insured;"
* * *
 5. "Bodily injury" or property damage arising out of the operation of any equipment listed in paragraph f(2) or (3) of the definition of mobile equipment
 Mobile equipment is defined under the commercial general liability policy in Section V as follows:
 8. "Mobile equipment means any of the following types of land motor vehicle, including any attached machinery or equipment."
* * *
 However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":
. . . cherry pickers and similar devices. . . .
 . . . Air compressors, pumps, and generators, including spraying, welding,. . . .
 Under Section II, "Who is an Insured" section of the policy, an insured is defined as follows:
 4. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission.
The commercial general liability policy expressly provides coverage for a limited form of motor vehicles. As such, we find Selander, notDavidson, is applicable. As the parties stipulated, Continental did not offer UM/UIM coverage with respect to this policy, as such coverage arises by operation of law. Having previously determined Richard Burkhart is an insured, we find he is entitled to UIM coverage under the commercial general liability portion of the policy.
Finally, Continental contends the trial court erred in finding appellees were entitled to UIM coverage because appellees breached the terms and conditions of the policies; therefore, they are barred from recovery. Specifically, Continental takes issue with appellees' failure to abide by the policy provisions relative to subrogation and notice.
This Court has previously addressed this issue in Myers v. Safeco Ins.Co. of America,[12] as has the United States District Court for the Northern District of Ohio, Eastern Division, in Martin v. MidwesternIndemnity Co.[13] We adhere to the rational expressed therein and find Continental's argument to be without merit.
Based upon the foregoing reasons, we find the trial court did not err in granting summary judgment in favor appellees and against Continental. Continental's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Wise, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant-Continental.
[1] Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
[2] Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
[3] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1998),85 Ohio St.3d 660.
[4] B. Who Is An Insured
1. You.
2. If you are an individual, any family member.
 3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.
[5] Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557.
[6] Duriak v. Globe Am. Cas. Co. (1986), 28 Ohio St.3d 70, 72.
[7] Gyoria v. Johnston Coca-Cola Bottling Group (1996),76 Ohio St.3d 565, 568.
[8] Pillo v. Stricklin (Feb. 5, 2001), Stark App. No. 2000CA00201, unreported. (Citations omitted).
[9] Id. (Citation omitted).
[10] Selander v. Erie Ins. Group (1999), 85 Ohio St.3d 541, 544.
[11] Davidson v. Motorist Mut. Ins. Co. (2001), 91 Ohio St.3d 262.
[12] Myers v. Safeco Ins. Co. of America (Feb. 18, 2000), Licking App. No. 99CA00083, unreported.
[13] Martin v. Midwestern Indemnity Co. (Nov. 6, 2001), N.D. Ohio Case No. 5:00CV1864, unreported.