OPINION
{¶ 1} On February 24, 1990, Michelle Cox, a minor, was a passenger in a vehicle being driven by Kevin Huffman. Mr. Huffman drove the vehicle off the road and hit a tree. As a result of the accident, Ms. Cox was severally injured.
{¶ 2} At the time of the accident, Mr. Huffman did not have insurance. Ms. Cox's parents, appellants, Wayne and Michelle Cox, were insured under a homeowner's policy issued by appellee, State Farm Fire 
Casualty Insurance Company. The policy provided liability coverage in the amount of $100,000. Also, appellant Wayne Cox was employed by Honda of America, Mfg, Inc. Honda was insured under two policies issued by appellee, Yasuda Fire Marine Insurance Company of America, a commercial general liability policy and a commercial automobile liability policy, both providing liability coverage in the amount of $1,000,000. The automobile policy provided uninsured motorists coverage in the reduced amount of $250,000.
{¶ 3} On April 20, 2000, appellants filed a complaint against appellee State Farm for uninsured motorists benefits. On December 13, 2000, appellants filed an amended complaint adding appellee Yasuda as a party defendant. All parties filed motions for summary judgment. By memorandum of decision and judgment entry filed September 11, 2001, the trial court found in favor of appellees. Thereafter, by agreement, appellants and appellee State Farm filed supplemental motions for summary judgment. By judgment entry filed November 9, 2001, the trial court again found in favor of appellee State Farm.
{¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 {¶ 5} "I. THE TRIAL COURT ERRED IN FINDING THAT THE HOMEOWNER'S POLICY ISSUED BY DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY DID NOT PROVIDE PLAINTIFFS WITH UNINSURED MOTORIST COVERAGE.
 {¶ 6} "II. THE TRIAL COURT ERRED IN FINDING THAT THE COMMERCIAL GENERAL LIABILITY (CGL) POLICY OF DEFENDANT YASUDA FIRE MARINE INSURANCE COMPANY DID NOT PROVIDE PLAINTIFFS WITH UNINSURED MOTORIST COVERAGE.
 {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT THE AUTOMOBILE LIABILITY POLICY OF DEFENDANT YASUDA FIRE 
MARINE INSURANCE COMPANY DID NOT PROVIDE PLAINTIFFS WITH UNINSURED MOTORIST COVERAGE."
 I
{¶ 8} Appellants claim the trial court erred in finding the homeowner's policy issued by appellee State Farm did not provide them uninsured motorist coverage. We disagree.
{¶ 9} This court has previously addressed the issue of whether the residence employee provision in a homeowner's policy could be construed so as to provide uninsured/underinsured motorists coverage. See, Henryv. Nationwide Mut. Fire Ins. Co., Muskingum App. No. CT2001-0014, 2001-Ohio-1427; Trussell v. United Ohio Ins. Co. (January 16, 2002), Perry App. No. 01-CA-15; Vohsing v. Auto-Owners Ins. Co., Licking App. No. 01-CA-56, 2002-Ohio-250; and Mattox v. Allstate Ins. Co., Stark App. No. 2001CA218, 2002-Ohio-1453. In accordance with these decisions, we find the trial court did not err in finding the homeowner's policy did not provide uninsured/underinsured motorists coverage.
{¶ 10} Assignment of Error I is denied.
 II
{¶ 11} Appellants claim the trial court erred in finding the commercial general liability policy issued by appellee Yasuda did not provide them uninsured motorist coverage. We disagree.
{¶ 12} Appellants argue the commercial policy is a "motor vehicle" policy and therefore uninsured/underinsured motorists coverage arises by operation of law pursuant to Selander v. Erie Ins. Group,85 Ohio St.3d 541, 1999-Ohio-287, Gyori v. Johnston Coca-ColaBottling Group, Inc., 76 Ohio St.3d 565, 1996-Ohio-358, andBurkhart v. CNA Insurance Co. (February 25, 2002), Stark App. No. 2001CA00265. In Selander at 544, the Supreme Court of Ohio held the following:
 {¶ 13} "Where motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided. See, e.g., Goettenmoeller v. Meridian Mut. Ins. Co. (June 25, 1996), Franklin App. No. 95APE11-1553, unreported, 1996 WL 362089; House v. State Auto. Mut. Ins. Co. (1988), 44 Ohio App.3d 12, 540 N.E.2d 738. Under R.C. 3937.18, uninsured/ underinsured coverage arises even though a liability policy refers only to `hired' or `non-owned' automobiles and fails to identify specific vehicles."
{¶ 14} The policy in question provides for damages due to bodily injury when the following occurs [Coverage (A)(2)(e)(3)]:
 {¶ 15} "Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto' is not owned or rented or loaned to you or the insured."
{¶ 16} Appellants argue the coverage for "parking an auto" is tantamount to the issuance of a motor vehicle policy and therefore the mandates of R.C. 3937.18 apply.
{¶ 17} In Burkhart, supra, at 8, this court reviewed a similar provision in a commercial general liability policy:
{¶ 18} "This exclusion does not apply to:
* * *
 3. Parking an `auto' on, or on the ways next to, premises you own or rent, provided the `auto is not owned by or rented or loaned to you or the insured;'"
{¶ 19} The Burkhart court at 9 concluded "[t]he commercial general liability policy expressly provides coverage for a limited form of motor vehicles. As such, we find Selander, not Davidson, is applicable." Based upon this holding, we find the policy sub judice is a motor vehicle policy and by operation of law, uninsured/underinsured motorists coverage applies.
{¶ 20} Appellants further argue the uninsured/underinsured motorists coverage created by operation of law permits coverage not only to employees of the corporation, but family members as well. Appellants concede that only appellant Wayne Cox was an employee of Honda and therefore an insured under Scott-Pontzer, however, they argue they nonetheless have a substantial claim for the medical bills of their daughter and loss of parental consortium.
{¶ 21} In addressing appellants' argument, the trial court, in its memorandum of decision and judgment entry filed September 11, 2001, enunciated a very valid point:
 {¶ 22} "In considering Plaintiffs' carefully comprised argument, this Court finds it is misdirected and calls for an exaggeration of the holdings in Scott-Pontzer and Schumacher. Taking Plaintiff's arguments to its logical conclusion leads to the absurd result that any persons who are not insureds under a policy could claim UM/UIM coverage so long as they could successfully demonstrate the pertinent policy is a motor vehicle liability policy, and gives rise to UM/UIM coverage as a matter of law. Certainly, the Ohio Supreme Court did not intend for threshold policy requirements to be abrogated whenever UM/UIM coverage is found to exist under a policy by operation of law. Such an argument is indeed refuted by the Supreme Court's analysis in Scott-Pontzer,
wherein the court first considered whether or not the decedent was an insured, and stated if the decedent was not an insured, the analysis was at an end."
{¶ 23} In this specific case, we find such a point to be well taken. Clearly appellant Wayne Cox is an insured within the general provisions of the policy regardless of Scott-Pontzer. Based upon this distinction, we find Scott-Pontzer does not apply and the policy provisions excluding coverage carry forward into the operation of law policy. See, Hopkins v. Dyer, Tuscarawas App. Nos. 2001AP080087 and 2001AP080088, 2002-Ohio-1576, Farmer, J., concurring and dissenting opinion.
{¶ 24} Upon review, we find the trial court did not err in finding the commercial general liability policy did not provide uninsured/underinsured motorists coverage.
{¶ 25} Assignment of Error II is denied.
 III
{¶ 26} Appellants claim the trial court erred in finding the automobile liability policy issued by appellee Yasuda did not provide them uninsured/underinsured motorists coverage. We agree.
{¶ 27} In Gyori at syllabus, the Supreme Court of Ohio held the following:
 {¶ 28} "1. There can be no rejection pursuant to R.C. 3937.18(C) absent a written offer of uninsured motorist coverage from the insurance provider.
 {¶ 29} "2. In order for a rejection of uninsured motorist coverage to be expressly and knowingly made, such rejection must be in writing and must be received by the insurance company prior to the commencement of the policy year."
{¶ 30} Because Honda initiated a reduction after the policy was in effect and the reduction did not comply with Gyori, we find the reduction to be invalid.
{¶ 31} Under the provisions of the automobile liability policy andScott Pontzer, we find coverage existed by operation of law. The policy provided that appellee Yasuda's subrogation rights must be protected, however, given our rulings in Myers v. Safeco Ins. Co. of America
(February 18, 2000), Licking App. No. 99CA00083, reversed on other grounds, 91 Ohio St.3d 333, 2001-Ohio-64, Achauer v. Monroe GuarantyIns. Co. (June 6, 2001), Muskingum App. No. CT2000-0038, and Burkhart,supra, we find such a provision to be unenforceable.
{¶ 32} Upon review, we find the trial court erred in finding the automobile liability policy did not provide uninsured/underinsured motorists coverage.
{¶ 33} Assignment of Error III is granted.
{¶ 34} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed in part, reversed in part and remanded.
By FARMER, J. GWIN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellants.